# SCHOOL DIRECTORS OF DISTRICT No. SIX, etc.

## v.

## ANN HART.

SCHOOLS—AUTHORITY OF DIRECTORS—CANNOT MAKE CONTRACTS TO BIND THEIR SUCCESSORS.—One board of school directors has no power, under our school law, to make contracts for teaching wholly to be carried out in the future, so as to divest future boards of the power to select the teachers they shall desire.

APPEAL from the Circuit Court of JoDaviess county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed July 23, 1879.

Messrs. LUKE & JONES, for appellant; as to powers of school directors, cited Glidden v. Hopkins, 47 Ill. 525; Peers v. Board of Education, 72 Ill. 508; Wells v. The People, 71 Ill. 532; School Directors v. Fogleman, 76 Ill. 189.

Messrs. D. & T. J. SHEEAN, for appellee.

PER CURIAM. The Appellee was employed by two of the school directors of District, No. 6, T. No. 26, JoDaviess Co., to teach the district school of that district, for $3\frac{1}{2}$ months, at $20 per month. The date of the employment was in the month of March, A. D. 1878, and by the terms of the contract the term of school was to commence on the 13th or 20th of May following. On the first Saturday in April, 1878, the annual election of school directors took place, and one of the directors who employed appellee, was not re-elected, and went out of office. After the election, the school directors refused to allow appellee to teach the school under the contract. On the trial in the court below, appellee recovered on this contract, and motion by appellant was made for new trial, and overruled by the court below, and judgment rendered. Appeal is taken by appellants from this judgment, and such action of the court assigned for error.

There should have been a new trial awarded. The contract was void, and there could be no recovery on it. One board of school directors has no power under our school law to make contracts wholly to be carried out in the future, to divest future boards of the power to select the teachers they shall desire, for the terms to be commenced after their organization. Stevenson v. School Directors, 87 Ill. 256.

For this reason the judgment is reversed.

Judgment reversed.